IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARDALE HAMILTON                                                                                           PLAINTIFF

v.                                                    Civil No. 1:25-cv-01083

H & R BLOCK                                                                                                DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This is a civil action filed by Cardale Hamilton. Plaintiff claims this Court has federal question jurisdiction over this case. ECF Nos. 1 and 7. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). This case is before the Court for preservice screening. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen a complaint filed *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends Plaintiff's case fails to state a claim on which relief may be granted and must be **DISMISSED.**

I.    **Background:**

Plaintiff filed this action *pro se* on November 7, 2025. ECF No. 1. On November 18, 2005, the Court granted Plaintiff's IFP Application, but ruled the matter of service would be determined at a later date. ECF No. 5. Because it was unclear to the Court what causes of action were being asserted by Plaintiff in his Complaint, the Court ordered Plaintiff to complete an addendum to his Complaint which required Plaintiff to provide the basis for federal court jurisdiction and to provide how Defendant was to be served with his Complaint. ECF No. 6. Plaintiff filed his Addendum on December 1, 2025. ECF No. 7.

With this Complaint and his Addendum, Plaintiff claims Defendant, H & R Block, has failed to provide him with his federal tax refund.

## II.     Applicable Law:

The Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     Discussion:

Plaintiff claims Defendant H & R Block has failed to provide him with his federal tax refund. ECF Nos. 1 and 7. These claims against Defendant fail for two reasons. First, Plaintiff has not provided any basis for federal question jurisdiction as stated in his Complaint. The Court ordered Plaintiff to set forth all facts that would provide the basis for federal question jurisdiction of his complaint. ECF No. 6. Specifically, he was to list the federal statues, federal treaties, and/or provisions of the United States Constitution that are at issue. *Id.* Plaintiff Addendum failed to provide any such authority. ECF No. 7. Federal district courts "have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.  Plaintiff alleges a cause of action which is based on a breach of contract.  ECF. Nos. 1 and 7.  This claim does not involve the existence of a federal question.  Plaintiff offers no other basis for this Court's jurisdiction; as such, it should be dismissed on this basis alone.

Second, even if this were construed as some type of civil action with diversity jurisdiction, Plaintiff's case would be dismissed on this basis as well.  Federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist.  *See* 28 U.S.C. § 1332.  Plaintiff's Complaint and Addendum contain no allegations regarding the citizenship of Defendant and provide no allegation of damages.

### IV.  Conclusion:

For the foregoing reasons, this Court recommends Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because this lawsuit "fails to state a claim upon which relief may be granted."

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 10th day of December 2025.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE